**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUN 16 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| STEVEN PECK; et al., <br><br>            Plaintiffs - Appellants, <br><br> v. <br><br> MARGARET HINCHEY, individually and in her official capacity as a peace officer with the Arizona Attorney General's Office; et al., <br><br>            Defendants - Appellees. | No. 14-15526 <br><br> D.C. No. 2:12-cv-01371-JAT <br><br><br> MEMORANDUM[*] |
| STEVEN PECK; et al., <br><br>            Plaintiffs - Appellees, <br><br> v. <br><br> MARGARET HINCHEY, individually and in her official capacity as a peace officer with the Arizona Attorney General's Office, <br><br>            Defendant - Appellant. | No. 14-15717 <br><br> D.C. No. 2:12-cv-01371-JAT |

---

     [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Appeal from the United States District Court
for the District of Arizona
James A. Teilborg, Senior District Judge, Presiding

Argued and Submitted March 16, 2016
San Francisco, California

Before: BYBEE and N.R. SMITH, Circuit Judges and KORMAN,[**] Senior District Judge.

Plaintiff-appellants are Phoenix Police Department ("PPD") officers who were subjected to a criminal investigation. After the charges against them were dismissed, they filed suit against the internal investigator, Paula Veach, and the state investigator, Margaret Hinchey, for various claims under 42 U.S.C. § 1983 and Arizona state law relating to fabrication of evidence and malicious prosecution. The district court granted Hinchey's motion to dismiss, and granted Veach's motion for summary judgment. On appeal, the plaintiffs argue that the district court erred in: (1) finding that Hinchey was entitled to absolute immunity with respect to four of plaintiffs' claims; (2) dismissing the complaint against Hinchey without leave to amend; and (3) granting summary judgment in favor of

---

[**] The Honorable Edward R. Korman, Senior District Judge for the U.S. District Court for the Eastern District of New York, sitting by designation.

2

Veach.[1]  We have jurisdiction under 28 U.S.C. § 1291, and we affirm in part and reverse and remand in part.

1.  We review the decision on the motion to dismiss de novo.  *See Watson v. Weeks*, 436 F.3d 1152, 1157 (9th Cir. 2006).  Under *Rehberg v. Paulk*, 132 S. Ct. 1497, 1505–07 (2012), grand jury witnesses have absolute immunity both for their testimony and for "preparatory activity, such as a preliminary discussion in which the witness relates the substance of his intended testimony."  *Id.* at 1507.  After acknowledging that *Rehberg* does not extend to non-testimonial, out-of-court fabrication of evidence, the district court concluded that Counts I, II, III, and VI were "inextricably tied" to Hinchey's grand jury testimony and thus barred by absolute immunity.  We affirm the district court's decision with respect to Count VI, but reverse on Counts I, II, and III.

The district court determined that Counts I, II, and III are "inextricably tied" to Hinchey's grand jury testimony, because Hinchey was part of a "conspirac[y] to testify falsely." *See Lisker v. City of L.A.*, 780 F.3d 1237, 1241 (9th Cir. 2015). We disagree. Construing the complaint in the light most favorable to the plaintiffs, Counts I, II, and III are not based on allegations that Hinchey conspired to testify

_____

[1]  Hinchey also filed a cross-appeal, Case Number 14-15717, which Hinchey indicated in her brief she intended to withdraw.  We therefore dismiss this appeal.

3

falsely, but rather on Hinchey's alleged non-testimonial, out-of-court fabrication of evidence to support criminal charges. This alleged conduct is not protected by absolute immunity. *See Lisker*, 780 F.3d at 1242 (denying absolute immunity and finding that police investigative notes and reports were not "inextricably tied" to testimony and "[fell] outside the protection of absolute immunity" because "police investigative materials have evidentiary value wholly apart from assisting trial testimony").

2. Because the plaintiffs sought leave to amend the Second Amended Complaint after the May 31, 2013 deadline set by the district court's modified scheduling order, their ability to amend is governed by Fed. R. Civ. P. 16. We review for abuse of discretion the district court's denial of a motion to amend the scheduling order. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607 (9th Cir. 1992). The plaintiffs had three previous opportunities to amend their complaint and did not demonstrate "good cause" to amend past the deadline. *Id.* at 608. The district court did not abuse its discretion, and we affirm the district court's decision on this issue. Accordingly, the district court need only consider the allegations in the Second Amended Complaint on remand.

3. We review de novo the district court's grant of summary judgment in favor of Veach. *Szajer v. City of L.A.*, 632 F.3d 607, 610 (9th Cir. 2011).

4

Plaintiffs allege two main claims against Veach: fabrication of evidence claims, *see Devereaux v. Abbey*, 263 F.3d 1070, 1074–75 (9th Cir. 2001) (en banc) ("[T]here is a clearly established constitutional due process right not to be subjected to criminal charges on the basis of false evidence that was deliberately fabricated by the government."); and a malicious prosecution claim. Plaintiffs have a causation problem with respect to both the *Devereaux* claims and the malicious prosecution claim, as they cannot demonstrate that Veach's conduct directly resulted in the bringing of criminal charges against them. *Awabdy v. City of Adelanto*, 368 F.3d 1062, 1067 (9th Cir. 2004) (to show malicious prosecution, plaintiffs must demonstrate that state or local officials engaged in conduct that was "actively instrumental in causing the initiation of legal proceedings"); *Devereaux*, 263 F.3d at 1074–75 (plaintiffs must show that they were "subjected to criminal charges" based on fabricated evidence). The purpose of Veach's investigation was to determine whether the plaintiffs had violated PPD policies, not whether criminal charges could be brought. The Attorney General's Office was aware that Veach's investigation was incomplete and that the spreadsheet contained errors. The plaintiffs have not raised a genuine issue of material fact that Veach caused the plaintiffs to be subjected to criminal charges. We therefore affirm the district court's grant of summary judgment in favor of Veach.

5

**Appeals 14-15526 AFFIRMED IN PART, REVERSED AND REMANDED IN PART.** The parties shall bear their own costs.

**Appeals 14-15717 DISMISSED.**