**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| STEVEN PECK; et al., <br><br> Plaintiffs-Appellants, <br><br> v. <br><br> MARGARET HINCHEY, individually and in her official capacity as a peace officer with the Arizona Attorney General's Office, <br><br> Defendant-Appellee. | No. 17-16397 <br><br> D.C. No. 2:12-cv-01371-JAT <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Arizona
James A. Teilborg, District Judge, Presiding

Submitted March 4, 2019[**]
Phoenix, Arizona

Before: CLIFTON, IKUTA, and FRIEDLAND, Circuit Judges.

Plaintiffs-Appellants Steven Peck, Benjamin Sywarungsymun, Aaron Lentz,

and Shannon Lentz ("Plaintiffs") brought a 42 U.S.C. § 1983 action against

Defendant-Appellee Attorney General Special Agent Margaret Hinchey. In that

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

action, Plaintiffs alleged that Hinchey violated their due process rights and maliciously caused their prosecution by fabricating evidence in several reports to the Arizona Attorney General to show that they worked fewer hours in an off-duty job than they had reported working, constituting theft. The district court granted summary judgment to Hinchey on both the deliberate fabrication and malicious prosecution claims on the basis of qualified immunity.[1] We review de novo the district court's grant of summary judgment. *See Longoria v. Pinal Cty.*, 873 F.3d 699, 703-04 (9th Cir. 2017).

We affirm the grant of summary judgment on the deliberate fabrication claims. Viewing the evidence in the light most favorable to the non-moving party, *see Cortez v. Skol*, 776 F.3d 1046, 1050 (9th Cir. 2015), Plaintiffs have failed to raise a genuine issue of material fact that Hinchey deliberately made a false statement or fabricated evidence, as opposed to making reasonable mistakes in methodology or in interpreting data. *See Spencer v. Peters*, 857 F.3d 789, 798-99 (9th Cir. 2017). Nor have Plaintiffs raised a genuine issue of material fact that Hinchey knew or should have known that Plaintiffs were innocent or that Hinchey used investigative techniques that were so coercive and abusive that she knew or should have known that those techniques would yield false information. *See*

---

[1] We had previously determined that Hinchey was not entitled to absolute immunity in an earlier appeal. *See Peck v. Hinchey*, 655 F. App'x 534, 536 (9th Cir. 2016).

2

*Devereaux v. Abbey*, 263 F.3d 1070, 1076 (9th Cir. 2001) (en banc).  And because

Plaintiffs' argument on appeal that Hinchey acted with malice is entirely dependent

on the premise that Hinchey deliberately fabricated evidence, we affirm on the

malicious prosecution claim as well.

**AFFIRMED.**[2]

---

[2]  We grant Plaintiffs' motion for leave to file an annotated version of their controverting statement of facts and bookmarked PDF copy of the excerpts of record.

We also remind Plaintiffs, however, that "it is not our task, or that of the district court, to scour the record in search of a genuine issue of material fact.  We rely on the nonmoving party to identify with reasonable particularity the evidence that precludes summary judgment." *Keenan v. Allan*, 91 F.3d 1275, 1279 (9th Cir. 1996) (quotations and brackets omitted).  Factual citations in parties' briefs should identify that evidence.  Many citations in Plaintiffs' briefs do not.  In many instances, an individual citation directs the court to several different parts of the record, the vast majority of which provide little or no support for the cited proposition.  In that respect, these briefs "obfuscate[] rather than promote[] an understanding of the facts." *See id.*  That is not of assistance to this court and does not support an argument that there are genuine issues of fact.